UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PARIS LEE PRYOR

    Plaintiff,

v.                                                     Case No. 3:18cv1509-LC-CJK

OKALOOSA COUNTY SHERIFF'S
OFFICE, DEPUTY MARLON BOGAN,
DEPUTY TODD SCHREIDER, and
STATE OF FLORIDA,

    Defendants.
_____/

ORDER and REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (doc. 1), and motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, plaintiff's motion to proceed *in forma pauperis* will be granted. Upon review of the complaint, however, it is clear the facts as presented fail to support a viable claim for relief against the defendants. For the reasons set forth below, the undersigned determines plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045,

1048-49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted). The undersigned thus recommends the case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted and inability to cure same.

Plaintiff, a resident of the Okaloosa County Jail, has sued 4 defendants – Okaloosa County Sheriff's Office, Deputy Marlon Bogan, Deputy Todd Schreider, and the State of Florida – based on plaintiff's arrest pursuant to what plaintiff contends was an unlawful search and seizure in violation of the Fourth Amendment. Plaintiff also claims the defendants falsified the police report to indicate he consented to the search. Plaintiff seeks "compensation for punitive damages, emotional stress and trauma, as well as loss of wages, and cruel and unusual punishment, and pain and suffering." Doc. 1 at p. 7.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case if it determines the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint also is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

Here, plaintiff has failed to state a claim upon which relief can be granted against any the defendants. A viable § 1983 claim requires that the named defendant be an entity subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is determined by the law of the state in which the district court sits. *Id*. at 1214-15. "Florida law has not established sheriff's offices as separate legal entities with the capacity to be sued." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, — F. App'x —, 2013 WL 3780162, at *2 (11th Cir. July 22, 2013) (*citing Fla. City Police Dep't v. Corcoran*, 661 So.2d 409, 410 (Fla. 3d DCA 1995) (noting the municipality, not the police department, had the power to sue and be sued under Florida law)). Because the Okaloosa County Sheriff's Office is not a legal entity with the capacity to be sued under Florida law, plaintiff cannot maintain suit against it.

Plaintiff's claims against the State of Florida are barred by sovereign immunity. Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment is an absolute bar to an individual's suit for monetary damages against a state or its agencies, or against a state officer in his official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

Case No. 3:18cv1509-LC-CJK

Page 5 of 8

Plaintiff's claims also are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the United States Supreme Court held that before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been somehow invalidated. *Id.* at 486-87. If the plaintiff fails to demonstrate the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. Considering plaintiff alleges his arrest was unlawful, any judgment in his favor necessarily would imply his conviction and sentence were invalid. *Id.* at 487. Plaintiff's claims thus are *Heck* barred.

Plaintiff's claims likewise are barred by the *Rooker-Feldman* doctrine,[1] which precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quotation omitted). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine should be confined only to "cases brought by

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983).

Case No. 3:18cv1509-LC-CJK

state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Rooker-Feldman*'s reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment such as (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted). Plaintiff's allegations against the defendants relate directly to his arrest and thus are inextricably intertwined with the state court judgment of conviction. Indeed, if plaintiff were to prevail on the claims asserted in this matter, it would "effectively nullify" the judgment.

To the extent he seeks release, plaintiff's claims are in the nature of a habeas corpus action. Before filing a petition for habeas corpus, however, plaintiff must exhaust his state law remedies, which there is no indication he has done. *See* 28 U.S.C. § 2254.

Based on the foregoing, it is evident plaintiff has wholly failed to allege facts showing he is entitled to relief against these defendants; it also is evident plaintiff

cannot cure the deficiencies by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to state a claim upon which relief can be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 13th day of July, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:18cv1509-LC-CJK

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**